UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTEP and DEANNA ESTEP, | No. 2:14-cv-02418-MCE-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| YUEN YUNG, an individual; HDYR, LLC, doing business as HDYR; MEKADDISHKEM-EBE, a California corporation; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Defendant HDYR operates a fast-casual, custom sushi restaurant in Austin, Texas, called "How Do You Roll?". In May of 2013, HDYR entered into an Area Representative Service Agreement ("Agreement") with Plaintiffs' company, Mekaddishkem-EBE. The Agreement allows the Plaintiffs to solicit franchisees who would establish at least thirty How Do You Roll? restaurants in Northern California, specifically in and around Solano County. Plaintiffs signed the Agreement on behalf of their company and personally guaranteed that Mekaddishkem-EBE would pay and perform under the Agreement. The Agreement signed by the parties contains a forum selection clause that states:

///

> AR [Plaintiffs' company Mekaddishkem-EBE] and HDYR [Defendant's company] have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship. Therefore, if a claim is asserted in any legal proceeding involving AR and HDYR, the parties agree that the exclusive venue for disputes between them will be the state or federal district courts located in Austin, Texas, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts.

The Plaintiffs are suing the Defendants HDYR and its founder Yuen Yung on the theories of breach of contract and fraud.[1]  Currently before the Court is Defendants' Motion to Transfer, or, Alternatively, Dismiss, Plaintiffs' Complaint (ECF No. 10). Defendants are requesting transfer to Western District of Texas as mandated by the forum selection clause.[2]  For the following reasons, Defendants' Motion to Transfer is GRANTED.[3]

## ANALYSIS

Forum selection clauses are presumptively valid in the Ninth Circuit and are only unenforceable if: (1) the clause was the result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that Plaintiffs would essentially be denied their day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit was brought. R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996).  There is no evidence that the Plaintiffs were coerced into signing the Agreement or that it would be "gravely difficult" for them to litigate in Texas.

---

[1] Plaintiffs also inexplicably sued their own company, Mekaddishkem-EBE.

[2] Conveniently, Plaintiffs left off the page of the Agreement containing this clause in the version of the Agreement they attached to their Complaint.

[3] Because oral argument would not be of material assistance, the Court resolves this matter on the briefing.  E.D. Cal. Local R. 230(g).

Plaintiffs argue that a California law preventing the enforcement of forum selection clauses in franchise agreements evidences a strong public policy that would be contravened if this matter is not adjudicated in California.  The Court is unpersuaded, however, by that argument.  The California Franchise Relations Act "serves to protect California franchisees, typically small business owners and entrepreneurs, from abuses by franchisors . . ." Century 21, LLC v. All Professional Realty, Inc., 889 F. Supp. 2d 1198, 1216-17 (E.D. Cal. 2012).  The Agreement is not a franchise agreement; it is a contract between a small company and a sophisticated area representative who would oversee the solicitation of 30 franchisees.  The California Franchise Relations Act is not on point and it is not enough to outweigh California's stated policy of favoring contractual forum selection clauses. See Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1284 (9th Cir. 2006) ("California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and enforcement would not be unreasonable.").

The Court is also not persuaded by Plaintiffs' argument that Defendants' Motion is time-barred under Rule 12 of the Federal Rules of Civil Procedure because it was not brought within 21 days of the service of the complaint.  Plaintiffs completely ignore Rule 81, which allows for a party to file a response within seven days of the case being removed from state court if no answer had been filed in state court.  Here, the Defendants did not file an answer and the case was removed on October 15, 2014.  This Motion was filed six days later, on October 21, 2014.  The Motion is timely.

Finally, the Court is not persuaded by Plaintiffs' argument that their company Mekaddishkem-EBE was a party to the Agreement, but they were not.  This argument fails for multiple reasons.  First, Plaintiffs, as individuals, signed a Personal Guaranty that was attached to the Agreement.  Second, the forum selection clause is broad enough to encompass this action since it is a matter involving both Medaddishkem-EBE and HDYR (as both companies were sued by the Plaintiffs).  Third, Ninth Circuit case law allows non-parties to be held to forum selection clauses if the conduct of the non-parties is closely related to the contractual relationship.  See Manetti-Farrow, Inc. v.

Gucci America, Inc., 858F.2d 509, 514 n.5 (9th Cir. 1988); Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 456 (9th Cir. 2007).  Here, Plaintiffs' complaint is based on the contractual relationship between HDYR and Medaddishkem-EBE, as memorialized in the Agreement.  Plaintiffs cannot sue for breach of contract and then, in an effort to avoid a contractual provision, argue that they are not parties to the contract.

Because transfer is appropriate in this case, the Court will not address Defendants' alternative Personal Jurisdiction argument.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Transfer (ECF No. 4) is GRANTED.  The Clerk of the Court is directed to transfer this case to the United States District Court for the Western District of Texas in Austin, Texas.

IT IS SO ORDERED.

Dated:  January 13, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT